UNITED STATES EX REL. RUTZ *v.* LEVY, U. S. MARSHAL.

UNITED STATES EX REL. FAUNTLEROY *v.* LEVY, U. S. MARSHAL.

UNITED STATES EX REL. STENECK *v.* LEVY, U. S. MARSHAL.

UNITED STATES EX REL. WANNER *v.* LEVY, U. S. MARSHAL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

Nos. 935, 936, 937, 938. Submitted April 13, 1925.—Decided May 25, 1925.

An order made by a United States Commissioner, after hearing, in a removal proceeding (R. S. 1014), discharging the defendant for want of probable cause, may be persuasive but it is not controlling upon a like application made later in the same district to the District Judge. P. 393.

3 Fed. (2d) 816, affirmed.

APPEALS from judgments of the District Court quashing writs of *habeas corpus.*

*Messrs. Herbert Pope, Frank E. Harkness* and *Benjamin M. Price,* for appellants.

*Morse* v. *United States,* 267 U. S. 80 decided only that a discharge in removal proceedings did not preclude an arrest in the jurisdiction where the indictment was returned and a trial on the indictment, and expressly recognized that the effect of such a discharge in subsequent removal proceedings presented a different question.

The passing remark in *United States* v. *Haas,* 167 Fed. 211, to the effect that " the decision of a committing magistrate refusing to hold a prisoner for trial *or removal* . . . is not *res adjudicata* " was not necessary to the de-

cision and is entitled to little weight. The report shows that counsel for the defense admitted that a decision of a committing magistrate in removal proceedings was not " technically *res adjudicata* " and therefore the question was not in controversy. Moreover, the authorities cited in the opinion have nothing to do with removal proceedings, but deal only with preliminary examinations before committing magistrates where the question was whether an accused should be held for a crime committed in the jurisdiction where the arrest took place. The court appears to have jumped to the conclusion that because a decision in such a proceeding was not *res judicata,* a decision of an examining magistrate in a removal proceeding could not be *res judicata.* But the distinction between the two proceedings is fundamental. This court has often held that in the class of cases first mentioned the preliminary hearing can be entirely dispensed with without violating any constitutional right of the accused. *Goldsby* v. *United States,* 160 U. S. 70; *Lem Woon* v. *Oregon,* 229 U. S. 586; *Ocampo* v. *United States,* 234 U. S. 91. But in *Tinsley* v. *Treat,* 205 U. S. 20, this court squarely held that when a proceeding was brought under § 1014 with a view to removing the accused to another district, a preliminary hearing was a constitutional right of the accused and that the exclusion of evidence in rebuttal of the accusation was a violation of the Constitution. It is, we submit, impossible to reconcile this decision with the view advocated by the Government that an order of discharge in a removal proceeding is not only not technically *res judicata* but is a mere idle gesture having no legal consequence; since it may be immediately nullified by a new warrant and another arrest. *In re Wood,* 95 Fed. 288.

Where an issue has been judicially determined, whether that adjudication is technically *res judicata* or not, there is a well settled rule that another judicial tribunal exer-

cising concurrent jurisdiction has no power to retry or redetermine the same issue unless there is a showing of arbitrary action or exceptional impropriety in the judicial conduct of the first trial or hearing. *United States* v. *Oppenheimer,* 242 U. S. 85; *Johnson Company* v. *Wharton,* 152 U. S. 252; *New Orleans* v. *Citizens' Bank,* 167 U. S. 371; *Lane* v. *Watts,* 234 U. S. 525; *Noble* v. *Union River Logging R. R.* 147 U. S. 165; *Howe* v. *Parker,* 190 Fed. 738; *Ross* v. *Stewart,* 227 U. S. 530; *Ross* v. *Day,* 232 U. S. 110; *Marquez* v. *Frisbie,* 101 U. S. 473; *United States* v. *Yeung Chu Keng,* 140 Fed. 748; *Ex parte Wong Yee Toon,* 227 Fed. 247.

Decisions on the effect of a discharge in a *habeas corpus* proceeding have a distinct bearing upon the question here involved. Even where the accused has been remanded this court has indicated that in many circumstances the prior decision remanding the accused should be given controlling weight. *Salinger* v. *Loisel,* 265 U. S. 224; *Wong Doo* v. *United States,* 265 U. S. 239.

There are particular reasons why the general rule as to the effect of a former adjudication should be held to apply to removal cases under § 1014 where the defendant has been discharged after a full hearing. As we have already pointed out, the right to a hearing is firmly based upon the Constitution itself and any infringement of that right is not mere error but a violation of the constitutional rights of the accused. *Harlan* v. *McGourin,* 218 U. S. 442.

*The Solicitor General* for the United States.

MR. JUSTICE SUTHERLAND delivered the opinion of the Court.

The appellants in these several appeals were indicted in the Federal District Court for the Northern District of Ohio, along with other persons and a number of cor-

porations, for a violation of the Sherman Act.   Proceed-
ings were brought under § 1014 R. S. before a United
States commissioner to remove them from Illinois to the
trial district in Ohio.   After a hearing the commissioner
ordered their discharge for want of probable cause.   Sub-
sequently, similar proceedings were instituted before a
federal district judge of the Illinois district, and appel-
lants were taken into custody by the United States
marshal upon a warrant issued by the district judge.
Thereupon, in advance of a hearing, they sued out writs
of *habeas corpus* in the court below seeking to be dis-
charged upon the ground that the proceedings before the
district judge were without authority of law and in viola-
tion of their constitutional and statutory rights.   The
specific ground relied upon was that their discharge by
the commissioner for want of probable cause after a
hearing was an adjudication upon that question and a
bar to a second proceeding.   The court below held other-
wise and entered orders quashing the writs.   3 Fed. Rep.
(2d) 816.   The Government has moved this Court to
dismiss the appeals or affirm the judgments for lack of
substance and on the ground that the appeals were taken
solely for delay.   The motion to affirm must be sustained.

Under state law it has uniformly been held that the
discharge of an accused person upon a preliminary exam-
ination for want of probable cause constitutes no bar to
a subsequent preliminary examination before another
magistrate.   Such an examination is not a trial in any
sense and does not operate to put the defendant in
jeopardy.   *Marston* v. *Jenness,* 11 N. H. 156, 161–162;
*Nicholson* v. *The State, ex rel. Collins,* 72 Ala. 176, 178;
*Ex parte Crawlin,* 92 Ala. 101; *Ex parte Fenton,* 77 Cal.
183; *State* v. *Jones,* 16 Kan. 608, 610; *In re Garst,* 10
Neb. 78, 81; *In re Oxley and Mulvaney,* 38 Nev. 379, 383.
The same rule applies in extradition proceedings.   *In re
Kelly,* 26 Fed. Rep. 852; *Collins* v. *Loisel,* 262 U. S. 426,

429. " The functions of the commissioner .and the court in removal proceedings under § 1014 are of like character and exercised with like effect." *Morse v. United States,* 267 U. S. 80. The utmost that can be said is that the decision of a commissioner favorable to the accused is persuasive and may be sufficient to justify like action upon a second application; but it is not controlling. Undoubtedly, care should be exercised by the magistrate to whom a subsequent application for removal is made to see that the accused is not oppressed by repeated and unwarranted petitions for removal. *United States v. Haas,* 167 Fed. Rep. 211, 212; and see, generally, *Salinger v. Loisel,* 265 U. S. 224, 230–232. There is nothing to suggest that the judge to whom the second application was made here will fail in that respect.

*Judgments affirmed.*