**UNITED STATES ex rel. F. C. RUTZ, Appellant, v. Palmer E. ANDERSON, United States Marshal, Appellee, and two other cases.**

(Circuit Court of Appeals, Seventh Circuit. February 15, 1926.)

Nos. 3648, 3649, 3656.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Charles Evans Hughes, of New York City, for appellants.

William J. Donovan, Asst. Atty. Gen. (Russell Hardy, Sp. Asst. Atty. Gen., on the brief), for the appellee.

Before ALSCHULER, PAGE, and ANDERSON, Circuit Judges.

ALSCHULER, Circuit Judge. The three appeals were heard on the same record. Appellants, residents of the Northern district of Illinois, were, with others, indicted in the Northern district of Ohio. They are codefendants in the indictment referred to in case No. 3623, United States ex rel. Nourse v. White, Marshal, 11 F.(2d) 843, opinion in which is this day filed.

The facts, as stated in the Nourse Case, are in all essential particulars like those appearing on this record, save only that in the instant cases, prior to the proceedings before the Illinois District Judge, removal proceedings were had before a United States commissioner of that district, who heard evidence, and, holding that probable cause did not appear, discharged appellants. Later the proceedings set out in the petition and return shown in this record were instituted before the District Judge. It was then contended for appellant Rutz that the action of the commissioner was final, and this question went to the Supreme Court, where it was held that, notwithstanding the discharge by the commissioner, a new proceeding for removal could be entertained by the district judge. United States ex rel. Rutz v. Levy, 45 S. Ct. 516, 268 U. S. 390, 69 L. Ed. 1010.

The appeals here, as in the Nourse Case, are from orders dismissing writs of habeas corpus and remanding appellants for removal, following the holding of the District Judge that the indictment offered in evidence sufficiently indicated probable cause, and that no evidence would be received in rebuttal. What we said in the Nourse Case is likewise here applicable.

Because of refusal to hear any evidence for appellants which would tend to show want of probable cause, the orders of dismissal of the writs and remandment of the several appellants are reversed, and the causes are remanded, with direction to discharge the several appellants from custody, without prejudice to renewal of application to remove, and proceedings thereon not inconsistent herewith.