## Ex parte THORNTON.

No. A-11943.   Oct. 14, 1953.

(262 P. 2d 176.)

Harald Thornton, pro se.

Mac Q. Williamson, Atty. Gen., Owen J. Watts, Asst. Atty. Gen., for respondent.

POWELL, P. J.  Petitioner seeks a writ of habeas corpus for release from imprisonment in the State Penitentiary at McAlester where he was sentenced to serve a term of ten years after conviction in the superior court of Comanche county, Oklahoma, on the 10th day of March, 1952, for the crime of burglary of an automobile, second and subsequent offense.

Petitioner sets out as grounds for the writ that the window of the car from which he was charged with stealing a coat was rolled down according to the evidence at the trial; that he was held four days without charge, and was advised by the county attorney that he would recommend a one year sentence if he would enter a plea of guilty and that on his refusal the charge was changed to read: "Burglary, second and subsequent offense." It is further alleged that after arraignment petitioner was held in jail five months and eighteen days and then he made bond and finally the case was dismissed, but later the case was refiled, bond set at $2,000, and petitioner was released, but subsequently tried to a jury and petitioner was convicted and sentenced to serve ten years. Petitioner contends that he tried to appeal but that the sentencing judge resigned November 30, 1952, and that his application went unanswered. It is also stated by the petitioner that he wrote a letter to this court, stating that he wanted to appeal prior to the running of the six month period, but it is not set out whether at the time judgment was entered defendant or counsel for him gave notice of intention to appeal to this court and had granted by the trial court time for preparation, service and settling of case-made.

We issued a rule to show cause on June 5, 1953, hearing was set for June 24, 1953, and the matter was submitted. The Attorney General has filed a response, attaching photostatic copy of the judgment and sentence, and prison record of petitioner showing that he has been three times convicted for crime. Also attached to the response is an affidavit from the county attorney for Comanche county for the years 1951-1952 in which he admits that he did offer to recommend a one year sentence for defendant for burglarizing a car parked in a parking lot at Lawton and the taking of a woman's coat petitioner was shown to be wearing at the time of his arrest shortly after the burglary, but that petitioner refused such offer and boasted that if he was tried it was doubtful that he would be sentenced to even 30 days; that the second and subsequent offense charged was then filed, which carried a minimum sentence on conviction of ten years. Tit. 21 O.S. 1951 §§ 1435, 1436 and 51(1). It is further set out that petitioner was unable to make bond, but the court permitted a token bond; that the court appointed Jack Brock to represent defendant; that Mrs. Opal Bible, the prosecuting witness, having left the state the case was subsequently dismissed, but that when she returned and was available as a witness the case was refiled on the 8th day of April, 1952, within the statutory time, and the petitioner was, on trial by jury, convicted.

It is further set out that in the last case petitioner was represented by an experienced lawyer, Vernon C. Field. That no notice of appeal was given, nor motion for new trial filed; that on the 20th day of February, 1953, an application to file case-made and an affidavit forma pauperis was received from Harald Thornton from the penitentiary, which was duly filed in the court clerk's office, but that the court did not order the court reporter to make a record.

The Attorney General argues that by the allegations of said "petition filed herein no jurisdictional matters are raised and that all material allegations raised by said petitioner should have been raised by appeal and are not propositions that can be legally raised by application for writ of habeas corpus."

Considering the petition and response and exhibits, it would appear from the judgment and sentence that the petitioner was duly arraigned on a charge of burglary in the second degree, a second and subsequent offense; that information was subsequently filed, that the defendant was represented by counsel, was convicted, but did not perfect an appeal. The application made over 90 days after entry of judgment came too late to justify the ordering of case-made at the expense of the state. Appeal could have been perfected by transcript. However,

the transcript not including evidence, would merely show the information, pleadings, judgment, etc., and would be no aid as to the objections raised.

Petitioner sets out no unusual circumstances nor pretends to be innocent of the crime charged. The fact that the prosecuting attorney agreed to recommend that defendant be sentenced to one year for theft of the overcoat is no proof that the trial judge would have been governed by such recommendation. The county attorney had a right to file the second offense charge if petitioner had actually been convicted of crime, and from the record before us we conclude that he had. The fact that petitioner was unable to make bond and had to serve five months in jail could not be chargeable to the state unless a jury term of court passed by without good reason for continuance. The county attorney had a right to dismiss the charge by reason of the absence of the prosecuting witness in a distant state, and to refile any time thereafter prior to the running of the statute of limitations. Tit. 22 O.S. 1951 § 152. Only the attachment of jeopardy may prevent the refiling of such an information whether it was dismissed by the examining magistrate or the county attorney. Pierro v. Turner, Sheriff, 95 Okla. Cr. 425, 247 P. 2d 291; Ridenour v. State, 94 Okla. Cr. 92, 231 P. 2d 395; United States ex rel. Rutz v. Levy, Marshal, 268 U.S. 390, 45 S. Ct. 516, 69 L. Ed. 1010; Ex parte Johnson, 1 Okla. Cr. 414, 98 P. 461.

Under the charge for which the defendant was tried he was assessed the minimum punishment of ten years by the jury as heretofore recited. The jury heard the evidence and decided the case against the defendant, and even if the case was here on appeal, the verdict of the jury would not be interfered with on a claim of the insufficiency of the evidence, where there was competent evidence to support its findings, even though there was conflict in the evidence.

This court has also held that where the facts stated in a petition for a writ of habeas corpus will not warrant petitioner's discharge, the writ will be denied. Ex parte Gray, 71 Okla. Cr. 123, 109 P.2d 513; Ex parte Linam, 71 Okla. Cr. 155, 109 P. 2d 838.

The writ is denied.

JONES and BRETT, JJ., concur.