**Ronald CASSADY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25652.

United States Court of Appeals
Fifth Circuit.

April 24, 1969.

———◆———

Richard H. Ramsey, III, Dothan, Ala.,
for appellant.

Ben Hardeman, U. S. Atty., Don Conway, Asst. U. S. Atty., Montgomery,
Ala., for appellee.

Before WISDOM and DYER, Circuit
Judges, and KRENTZMAN, District
Judge.

PER CURIAM:

Cassady appeals his conviction by a
jury of post office burglary, in violation
of 18 U.S.C.A. § 2115.

On October 26, 1966, it was discovered
that the post office at Jacks, Alabama,
had been burglarized. Several money
orders and a money order machine were
stolen. On the same day a merchant
cashed one of the stolen money orders
and at the trial identified Cassady as
the person who presented and signed it.

On October 27, 1966, officer Shelton
of the Atlanta Police Department observed two cars going the wrong way on
a one way street. Cassady was driving
the first car. Shelton stopped the cars.
Cassady and his passenger got out and
the passenger walked back and got into
the second car, a Falcon, driven by one
Clements. The Falcon then started up
and was driven menacingly toward Shelton in an attempt to run him down. Shelton drew his revolver and ordered Clements to stop. Shelton searched the trunk
of the Falcon and found some of the
stolen money orders and the money order
machine.

While Cassady was in custody, without
*Miranda* warnings,[1] he was asked to and
did turn over his shoes to the authorities.
The shoes were used by the Government
to connect Cassady with footprints
found at the post office after the burglary.

Cassady assigns as error the admission
in evidence of the money orders and the
money order machine contending that
they were obtained by an illegal search
and seizure. He further urges reversal
on the ground that the in-custody seizure
of his shoes violated his right against
self-incrimination.

■■■ The record is devoid of evidence indicating any interest, ownership
or otherwise, of Cassady in the Falcon

1. Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

such as to afford him standing to complain of its search. Only one whose Fourth Amendment right of privacy has been violated may object to the introduction of the fruits of an illegal search. Jones v. United States, 1960, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697. *See also* Simmons v. United States, 1968, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247. Cassady simply was not an aggrieved person. United States v. Beigel, 2 Cir. 1967, 370 F.2d 751, *cert. denied*, 387 U.S. 930, 87 S.Ct. 2049, 18 L.Ed.2d 989; Diaz-Rosendo v. United States, 9 Cir. 1966, 357 F.2d 124; *cert. denied*, 385 U.S. 856, 87 S.Ct. 104, 17 L.Ed.2d 83.

 We are also unimpressed with Cassady's argument that his Fifth Amendment right was violated in the surrender of his shoes. Evidence of a noncommunicative nature may be taken from a defendant without violating his right against self-incrimination. Schmerber v. California, 1966, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908; Gilbert v. California, 1967, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178; Brent v. White, 5 Cir. 1968, 398 F.2d 503, *cert. denied,* 1969, 393 U.S. 1123, 89 S.Ct. 998, 22 L.Ed.2d 130; United States v. Guido, 7 Cir. 1958, 251 F.2d 1.

The judgment of the District Court is Affirmed.