**Paul Nicholas KULYK, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 26174.**

United States Court of Appeals Fifth Circuit.

Aug. 12, 1969.

---

Joe W. Popper, Jr., Macon, Ga., court appointed, for appellant.

Paul Nicholas Kulyk, pro se.

Floyd M. Buford, U. S. Atty., Walker P. Johnson, Jr., D. L. Rampey, Jr., Asst. U. S. Attys., Macon, Ga., for appellee.

Before BELL and GOLDBERG, Circuit Judges, and ATKINS, District Judge.

GOLDBERG, Circuit Judge:

Appellant, Paul Nicholas Kulyk, appeals to this court contesting his 1968 conviction for knowingly transporting in interstate commerce a stolen motor vehicle, 18 U.S.C.A. § 2312. We affirm.

Appellant was arrested on Saturday, September 16, 1967, at 2:30 in the

morning as he was exiting the Sylvester, Georgia, V.F.W. Club via the window. The city police took him to the Worth County, Georgia, jail, where he was booked for drunk and disorderly conduct and breaking and entering. On Monday, September 18, appellant was interviewed by John Perry, an officer of the Georgia Bureau of Investigation. After Perry had given appellant the warnings required by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, appellant told the officer that he had stolen a truck in Virginia and abandoned it in Macon, Georgia. Perry, later that day, relayed this information to Ed Haggerty, an agent of the Federal Bureau of Investigation in Albany, Georgia. Haggerty informed the F.B.I. office in Macon, Georgia, and the truck was found on September 19, exactly where Kulyk said he abandoned it. On September 25, Kulyk was questioned in the Worth County jail by Haggerty and another F.B.I. agent. Appellant was again given the *Miranda* warnings and signed the standard F.B.I. waiver form. He then again admitted stealing the truck and driving it from Virginia to Georgia.

On March 15, 1968, the United States Marshal went to the Worth County Prison Camp where he officially arrested Kulyk and took him into federal custody. Thereafter an attorney was appointed to represent appellant, and on April 17, 1968, the court heard a motion seeking to exclude all admissions made by the appellant to Perry of the G.B.I. and Haggerty of the F.B.I. The court heard evidence on the motion on two successive occasions and after careful consideration of all the evidence the motion was denied.

When the case was called for trial Kulyk, without consultation with his attorney, presented two motions to the court. One requested that he be released on a personal recognizance bond. This was overruled. The other requested that appointed counsel be removed and another lawyer appointed to defend Kulyk. The trial court, after some consultation with all parties, informed Kulyk that he would dismiss counsel, but would not appoint another lawyer on the eve of trial. The court gave appellant the night to decide whether under the circumstances he still wanted the court appointed attorney dismissed. The next day appellant announced his decision to represent himself without any assistance of counsel and the trial court reluctantly permitted him to do so.

At the trial both Perry and Haggerty testified that appellant admitted to them that he had stolen the truck and driven it from Virginia to Georgia. Appellant was convicted and received a maximum sentence of five years.

We first consider appellant's contentions that his confessions were made during a period of unlawful confinement and were not voluntarily given. He, therefore, asserts that the trial court erred in overruling the motion to suppress and in allowing the use of these incriminating statements at his trial.

The record is anything but clear concerning the events which transpired during the first two weeks of Kulyk's incarceration in the Worth County jail. Evidence produced at the preliminary hearings on the motion to suppress indicates that it was probably at least September 20, 1967, five days after his arrest, before the appellant was brought before a judicial officer and informed of his constitutional rights. Georgia law [Ga. Code Ann. § 27–212 (1967 Supp.)] requires that a person be brought before a magistrate within 48 hours after an arrest without a warrant. It is therefore apparent that appellant's confession to Perry, three days after his arrest, was made during a period of illegal detention by the state authorities.

 This alone, however, does not make the confession inadmissible. The right under the federal rules to be promptly taken before a magistrate has not been given constitutional status and

has not been applied to persons in state custody. Culombe v. Connecticut, 1961, 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037; Barnett v. United States, 5 Cir. 1967, 384 F.2d 848; Edwards v. Holman, 5 Cir.1965, 342 F.2d 679. Further, a confession obtained during such state custody can be used in a federal trial for a federal offense in certain circumstances. In United States v. Coppola, 2 Cir. 1960, 281 F.2d 340, aff'd, 1961, 365 U.S. 762, 81 S.Ct. 884, 6 L.Ed.2d 79, the court held that admissions made by a defendant during an illegal detention by state authorities were not rendered inadmissible in a trial on a federal charge when the state detention was not due to a "working arrangement" with the federal authorities. In explaining what constituted the fatal "working arrangement" the court stated:

> "The rule excludes confessions when the "working arrangement" includes the illegal detention—in other words —when federal law enforcement officers induce state officers to hold the defendant illegally so that they may secure a confession." Id. at 344.

■ Appellant concedes, as from the record he must, that at the time of arrest no such "working arrangement" existed between the F.B.I. and the Georgia authorities. However, he asserts that as soon as the F.B.I. acted on the state information and found the truck, a "working arrangement" did develop since the F.B.I. "took full advantage of appellant's confinement by state authorities." It is true that Agent Haggerty did interview appellant in the Worth County jail on September 25, but this is not the sort of "working arrangement" contemplated by the court in Coppola, supra, or in Anderson v. United States, 1943, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829 where the concept originated. The appellant's state detention was on a state charge and he was subsequently convicted by the state. It is not suggested that Georgia continued to hold appellant in order to allow the F.B.I. to secure a confession. Without such a "working arrange-

ment" the illegal detention does not bar the admission of appellant's confession. United States v. Coppola, supra.

■ Appellant next contends that as soon as the F.B.I. had probable cause to think a federal crime had been committed, appellant should have been taken before a federal commissioner as required by Rule 5(a) of the Federal Rules of Criminal Procedure and that this failure renders appellant's confessions inadmissible. It is unquestionable that any information obtained from a person in federal custody prior to arraignment is inadmissible under Rule 5(a). Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L.Ed. 100. However, this circuit has clearly held that Rule 5(a) does not apply when a prisoner is in state custody. Barnett v. United States, supra; Edwards v. Holman, supra. In discussing this issue the court in Barnett said: "The rule 5(a) period is measured beginning after state authorities surrender custody and at the time federal officers effect their arrest on federal charges." Id. 384 F.2d at 857. Since appellant was not in the custody of federal officers at the time the confessions were made Rule 5(a) cannot apply to render them inadmissible.

Appellant also contends that the confessions were not voluntarily made and were therefore not admissible. The trial judge conducted two hearings on this issue outside the presence of the jury and concluded that the confessions were voluntary. Thereafter, the judge instructed the jury to determine for itself whether the confessions were voluntary, and to disregard them if they found they were not.

■ This procedure clearly comports with the requirements of Jackson v. Denno, 1963, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and we find the record to amply support the trial court's finding of voluntariness. Appellant admitted that he was given the required Miranda warnings by both Perry and Haggerty before he made any statement

to them, that he understood his rights, and that he deliberately did not ask for a lawyer. These admissions should dispose of the issue. Appellant, however, has asserted that while none of the *Miranda* warnings were technically deficient, their effect was vitiated because of the prolonged detention and the refusal of his requests for cigarettes, the use of the telephone, and the failure to present him before a magistrate. The issue, therefore, becomes whether these incidents put appellant in such an oppressed state of mind that he did not exercise his rights even though adequately informed of them. The trial judge specifically found on the basis of the petitioner's demeanor before the court that he was "a man of considerable intelligence" and "fixed purpose" who would not be "easily misled." Petitioner's own testimony concerning his conduct prior to the confessions, and later, confirms the trial judge's opinion. Far from being oppressed, the testimony indicates that at all times petitioner vigorously asserted his rights, both real and imagined. On the record we find no basis for overruling the trial judge's finding that petitioner's confessions were voluntarily given after he had been fully informed of his constitutional rights.

Appellant's last major plaint concerns the trial court's charge. Appellant argues that reading to the jury the Georgia statutes concerning the permitted period of detention before a person must be taken before a magistrate was error. We find this point without merit. Appellant himself introduced these statutes at trial and most of his case was based on the fact that he was illegally detained. Further, we have carefully examined the charge and find that rather than being prejudicial to the appellant, it was extremely favorable to his case.

We have examined appellant's other points of error and find them without merit. The holding of the district court is

Affirmed.