UNITED STATES of America,
Plaintiff-Appellee,

v.

Noah GRIMES, Defendant-Appellant.

No. 28945

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 18, 1970.

Noah Grimes, pro se.

William J. Schloth, U. S. Atty., D. L. Rampey, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM.

Noah Grimes appeals from his conviction upon trial by jury for possessing distilled spirits in containers which did not have appropriate tax stamps affixed thereto, and for transferring the spirits, in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a). We affirm.[1]

Upon this appeal the appellant has chosen to proceed *pro se,* with the help of a fellow prison inmate as "next friend." This he has the right to do. Johnson v. United States, 1957, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Johnson v. Avery, 1969, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718.

The sole contention stated in appellant's brief is that the case should be reversed and remanded because the trial judge did not advise him of his right to appeal at the time of sentencing, citing Rodriguez v. United States, 1969, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340.

In the *Rodriguez* case, the appellant had been denied a direct appeal; and the Supreme Court ordered him resentenced so that he could timely file his notice of direct appeal. In the case *sub judice,* however, we consider that filing of the notice of appeal was not untimely, since it was notarized five days after the date of denial of the motion for a new trial, even though it was received by the district court after the usual ten-day period. Fallen v. United States, 1964, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760, reversing 5th Cir. 1962, 306 F.2d 697; see Rule 4(a), F.R.A.P. Accordingly we adjudicate this direct appeal on its merits.

The appellant has stated his contentions of invalidity of the judgment below in his motions for new trial and for reconsideration, as follows:

1. The complaint was dismissed prior to indictment, therefore he cannot validly be prosecuted under the indictment.

2. Appellant was deprived of his right to a speedy trial.

3. Inadequate representation of his counsel, who failed to subpoena a witness whom appellant desired.

4. Evidence (the bootleg whiskey) used against the appellant was obtained by unlawful search and seizure.

---

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 840, Part I; and Huth v. Southern Pacific Company, 5th Cir., 1969, 417 F.2d 526, Part I.

5. Appellant was injured by arresting officers at the time of his arrest.

6. The testimony of Special Investigator Robert E. Griffith, the chief prosecution witness, was false.

The appellant testified to the contents of a letter dated October 4, 1968, from the United States Attorney to the United States Commissioner, authorizing dismisal of the complaint. The record shows that thereafter, on December 12, 1968, the indictment was filed. The prior dismissal of the complaint by the United States Commissioner, however, did not bar the subsequent indictment and conviction on the same charges. See United States ex rel. Rutz v. Levy, 1925, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010; Draper v. Rhay, D.C.E.D.Wash. 1964, 242 F.Supp. 829, affirmed 9th Cir. 1966, 358 F.2d 304, cert. denied 384 U.S. 993, 86 S.Ct. 1901, 16 L.Ed.2d 1009.

Appellant Grimes has contended that he was denied his right to a speedy trial. The record shows that no motion for speedy trial was filed in his behalf; and that he was first tried on April 21, 1969, some four months after indictment. That trial resulted in a mistrial, whereupon the appellant was tried a second time and convicted on May 9, 1969. Not having moved for a speedier trial, the appellant can not now complain of the delay. Harlow v. United States, 5th Cir. 1962, 301 F.2d 361, cert. denied 371 U.S. 814, 83 S.Ct. 25, 9 L.Ed.2d 56. Moreover, the delay was not excessive and appellant has not suggested any harm resulting therefrom.

Appellant Grimes has not supplied the name of the witness whom his counsel allegedly failed to subpoena. After the trial, the appellant hired a second attorney who stated in his motion for leave to withdraw, that the alleged witness, still not named, refused to meet with the attorney to discuss the case. Our perusal of the record has convinced us beyond doubt that the appellant was adequately represented by his privately-retained counsel at the trial level.

Appellant does not specify which evidence he contends was obtained by an unlawful search and seizure. At the trial, Special Investigator Griffith testified that through binoculars, he observed the appellant, a known liquor violator, placing two large cardboard boxes (each of which contained six gallons of untaxed whiskey), in a 1961 Buick. The observations were made from a field belonging to another, about 50 yards from the appellant's house. This did not constitute an illegal search. Hester v. United States, 1924, 265 U.S. 57, 44 S.Ct. 445, 68 L.Ed. 898; Fullbright v. United States, 10th Cir. 1968, 392 F.2d 432, cert. denied 393 U.S. 830, 89 S.Ct. 97, 21 L.Ed. 2d 101.

The whiskey was found in the Buick which was being operated on the public street by appellant's co-defendant. The appellant was not in or near the vehicle at the time; and he has denied any connection with the vehicle. Therefore he has no standing to object to the search of the vehicle. Cassady v. United States, 5th Cir. 1969, 410 F.2d 379, and cases there cited.

At his trial, the appellant testified that the arresting officers injured him when they placed him under arrest. This was denied by the officers. Absent any prejudice to the appellant's right to a fair trial, which is not alleged nor shown, this allegation does not constitute grounds for reversal.

The appellant's claim of perjury of the key prosecution witness, Special Investigator Griffith, is based on his denial of the truth of Griffith's testimony. In testifying at his trial, Grimes denied that he had placed the boxes in the Buick automobile; and he averred that it would have been physically impossible for Griffith to have observed appellant doing so.

With respect to such conflicts in the testimony, the credibility choice is the province of the jury. Tillman v. United States, 5th Cir. 1969, 406 F.2d 930. The officer's testimony must be ac-

cepted here as true, since it is not inherently incredible. Fowler v. United States, 5th Cir. 1956, 234 F.2d 695.

The Government's evidence was ample to sustain the verdict of the jury. We have found no error in the proceedings below, and accordingly the judgment of the district court must be affirmed.

Affirmed.