STATE of Missouri ex rel. Thomas J. BROWN III, Relator,

v.

The Honorable Ralph H. DUGGINS, Associate Circuit Judge, Nineteenth Judicial Circuit, Respondent.

No. 61826.

Supreme Court of Missouri, En Banc.

July 15, 1980.

Thomas J. Brown, III, Pros. Atty., Jefferson City, for relator.

Howard L. McFadden, Public Defender, Julian J. Ossman, Asst. Public Defender, Jefferson City, for respondent.

MORGAN, Judge.

Relator, prosecuting attorney of Cole County, urges this Court to make permanent its preliminary rule in prohibition preventing respondent, an associate circuit judge of said county, from sustaining a criminal defendant's motion to quash a "complaint" filed against him for the second time.

William Francis Bentzen, defendant in the underlying cause, is charged with the

Class A felony of robbery in the first degree, § 569.020 RSMo. Relator filed the *first complaint* to this effect against defendant on or about April 23, 1979, in the associate division of the circuit court of Cole County. The judge of that division, the Honorable McCormick V. Wilson, was disqualified from hearing the complaint on defendant's motion. Thereafter, the cause was assigned to respondent, who, after hearing the evidence presented, ordered defendant discharged apparently after having found no probable cause to bind him over for trial.

Later that day, relator filed another complaint against defendant essentially charging the same crime. This complaint was subscribed and sworn to before Judge Wilson as had been the first. Defendant, again, moved to disqualify the judge and he complied; and, again, the cause was reassigned to the respondent by the presiding judge.

On the day the preliminary hearing was scheduled, defendant's attorney lodged an oral objection to the filing of the second complaint and his request for a continuance was granted. Thereafter, he filed a written motion to quash which respondent indicated he would sustain unless prohibited from doing so by a higher court. Respondent cited our decision in *State v. Thomas*, 529 S.W.2d 379 (Mo. 1975), in support of his decision. The Cole County Circuit Court and the Court of Appeals, Western District, respectively, denied relator's petition for a writ of prohibition.

The issue presented centers on the scope and effect of the rule set down in *Thomas*. Therein, one of the questions presented was whether or not the trial court had erred in failing to sustain the defendant's motion to dismiss a grand jury's indictment returned against him on the same offense for which he previously had been discharged following a preliminary hearing. In response, this Court adopted the prevailing rule, which it quoted from 21 Am.Jur.2d Criminal Law, § 450 (1965), at 452–53, as follows:

> If the magistrate discharges the accused after the preliminary examination, the prosecuting attorney is without authority to file an information for the offense, but a discharge . . . does not bar a prosecution of the alleged offense by indictment.

Thus, relief was denied.

For sake of clarity, we set out the full text of the prevailing rule as found in the citation heretofore noted. It reads as follows:

> If the magistrate discharges the accused after the preliminary examination, the prosecuting attorney is without authority to file an information for the offense, but the discharge *does not bar the filing of a new complaint with another magistrate* and does not bar a prosecution of the alleged offense by indictment.

(Emphasis added.)

Respondent urges that *Thomas* implicitly decided the present issue by claiming that the ellipsis in the quote of the prevailing rule therein indicates a deliberate and specific rejection of that portion thereof by this court. Such a construction of the opinion in *Thomas* is indeed strained, particularly in light of the fact the court was not called upon there to decide the issue which respondent now claims was decided. That portion of the rule deleted was impertinent to the *Thomas* case. Nevertheless, the holding therein is persuasive as to the immediate issue and totally consistent with the result we now reach by reaffirming the rule in its entirety.

Respondent warns that "shopping" among judges will be encouraged as a prosecutor seeks a favorable ruling. What limit there might be to the number of times a complaint might be refiled against an individual, after findings of no probable cause, need not be determined in this case. No claim of prosecutorial harassment or abuse has been made, and the facts before us would not support such a claim. This Court can remain sensitive, however, to the possibility that successive refilings in other cases could exceed the bounds of justice and fair play.

With respect to the argument as made, it must be said that the rule to be followed in this instance is one of long standing. The United States Supreme Court said in 1925 in *United States ex rel. Rutz v. Levy*, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010, that:

> Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense, and does not operate to put the defendant in jeopardy. [citations] The same rule applies in extradition proceedings.

Recently, in *People v. Uhlemann*, 9 Cal.3d 662, 108 Cal.Rptr. 657, 511 P.2d 609 (1973), the court, 108 Cal.Rptr. at 658, 511 P.2d at 610, said:

> It has long been the rule in this state that a magistrate's dismissal of criminal charges following a preliminary examination does not bar the People from either refiling the same charges before another magistrate or seeking an indictment based upon those charges. [citations] In this case, defendant urges us to adopt an exception to that long-standing rule in cases wherein the magistrate's dismissal was based upon his factual finding that the defendant was innocent of all charges. As will appear, however, we have concluded that the magistrate lacks the power to make a finding regarding the guilt or innocence of the accused, for the magistrate's authority is limited to determining whether sufficient or probable cause exists to hold the defendant for trial. Accordingly, as the magistrate has no power to make a determination on the merits of the case before him, there is no room for the application of the doctrines of res judicata or collateral estoppel.

Other representative cases include: *State v. Byrd*, 94 Ariz. 139, 382 P.2d 555 (1963); *State v. Townsend*, 150 Kan. 496, 95 P.2d 328 (1939); *People v. Miklovich*, 375 Mich. 536, 134 N.W.2d 720 (1965); *McAllister v. State*, 97 Okl.Cr. 167, 260 P.2d 454 (1953); *Richmond v. State*, 554 P.2d 1217 (Wyo.

1976). See also *State v. Greenhaw*, 553 S.W.2d 318, 326 (Mo.App. 1977), wherein the Southern District reached the same result.

The general rule on the refiling of a complaint, after a finding of no probable cause, does not contemplate the presentation of evidence to the same judge a second time.

Our writ heretofore issued is made absolute and respondent is ordered to disqualify himself and request the appointment of another judge to conduct the preliminary hearing.

BARDGETT, C. J., RENDLEN, SEILER, WELLIVER and HIGGINS, JJ., and STOCKARD, Special Judge, concur.

DONNELLY, J., not sitting.