**STATE of Missouri, Respondent,**

v.

**Emitte Lyle FENTON, Appellant.**

**No. 63215.**

Supreme Court of Missouri,
Division One.

May 11, 1982.

Gregory P. Robinson, Asst. Public Defender, Fayette, for appellant.

Priscilla F. Gunn, Asst. Atty. Gen., Jefferson City, for respondent.

WELDON W. MOORE, Judge.

Appellant was charged by amended information and found guilty by a Randolph County jury of rape, a Class A felony. The jury assessed his punishment at life imprisonment and the trial judge imposed a life sentence in the division of corrections in accordance with Sections 566.030 and 558.-011.1(1) RSMo.1978. He appeals.

His appeal presents three points of alleged error: 1) the court erred in refusing to sustain his motion to suppress of February 4, 1981, and admitting in evidence and permitting reference to other items of evidence covered by the motion over his objections; 2) the court erred in refusing to set aside the verdict because the state did not

comply with his discovery request; and 3) the court erred in allowing the state to amend the information to change the use of a "dangerous weapon" to the offense.

The sufficiency of the evidence is not challenged. The jury could find beyond a reasonable doubt that on August 6, 1979, appellant entered the apartment of Miss J. W., a student at the University of Missouri at Columbia, and had sexual intercourse with her without her consent by the use of forcible compulsion, and in the course thereof displayed a deadly weapon, a knife, in a threatening manner. In a struggle with appellant, the right palm of the victim was cut, requiring eight sutures. Appellant stated that he entered the apartment with the knife and remembered the victim was screaming and remembered telling her to shut up and the next thing he remembered he was climbing out the bedroom window. Appellant also stated he entered the apartment and raped the girl but he did not know what he was doing because he had been drinking quite a bit of whiskey the last few days.

 In his first point, appellant complains of refusing to sustain a motion to suppress of February 4, 1981, and admission of evidence at the trial. Appellant has not provided us with a transcript of the evidence on his motion to suppress. This claim of error cannot be properly reviewed without the record at the suppression hearing. Appellant has the responsibility to provide the record to us. *Jackson v. State*, 514 S.W.2d 532 (Mo.) and Rule 81.12(a). At the trial defendant objected to the admissibility of State's Exhibit 6 consisting of knives and an electrical outlet found in the apartment when appellant was arrested on the grounds that it was illegally seized in violation of the 4th, 5th and 14th amendment rights of appellant against self incrimination and unlawful search and seizure. The pertinent evidence on this point shows: Appellant's father was the tenant in the apartment. He was being evicted from the apartment. Appellant came to help his father move on August 5, 1979. The victim was the manager of the apartment build-

ings. She lived in the apartment building adjacent to the one from which the father of appellant was being evicted. She had seen appellant once in the afternoon of August 5, 1979, when he came to her apartment and requested her to fix a light fuse in the apartment of his father. She went to the apartment and fixed the fuse. About 10:30 that evening appellant came to the apartment of the victim and requested her to again fix the lights. She declined. While at the emergency room of the Medical Center she related these events to the officer and stated that she thought appellant was the person who raped her. About 5:00 a. m. August 6, 1979, the officer knocked on the door of the apartment of appellant's father but got no response. The officer went there for the purpose of arresting a suspect, the appellant. The victim, who was also the apartment manager, was asked to unlock the door. She did so and left. The door was also locked with a chain lock from the inside and the officers could not enter. Appellant yelled to the officers from inside and they identified themselves as police officers. Appellant unfastened the chain latch and admitted the officers into the apartment. Officer Smith collected the items in State's Exhibit 6. He stated the knives were in the doorway near the bedroom and the electrical outlet was on the floor near the doorway. It is apparent that the officer who seized the evidence was legitimately on the premises. It is also apparent that each of the items seized was in plain view. Point One is ruled against appellant.

 In his second point, appellant contends the court erred in overruling his motion to set aside the verdict of guilty because the state allegedly did not comply with his request for disclosure. Specifically he complains that the state did not produce a pair of blue jeans at the trial and did not inform him that they had been lost. Appellant apparently was going to introduce them in evidence and show they had no belt to rebut the evidence of the victim that she heard him take off his belt. Appellant filed his motion for discovery on September 18,

1979. In response thereto the state supplied reports of Officer Smith dated August 6, 1979, to the effect that, among other things, a pair of blue jeans had been seized. Appellant made no effort to cause the evidence to be available at the trial. There was no proof that the jeans in question belonged to appellant. The jeans may well have failed to meet the admissibility test. There were a lot of other clothes spread throughout the house and Officer Smith testified that the blue jeans he seized did not have a belt.

There is no showing of fundamental unfairness in the state's failure to have the jeans at the trial or to attempt to introduce them in evidence. Point Two is ruled against appellant.

■ In his third and final point, appellant asserts that the trial court erred in allowing the state to amend the information so as to allege that in the course of such offense the defendant displayed a deadly weapon in a threatening manner.

The original information reads in part as follows: "... the defendant Emmitte Lyle Fenton, in violation of Section 566.030, RSMo., committed the Class A felony of rape, punishable upon conviction under Section 558.011.1(1), RSMo., in that on or about the 6th day of August, 1979, in the County of Boone and State of Missouri, the defendant had sexual intercourse with J.... W.... to (sic) whom defendant was not married and without the consent of J.... W.... by use of forcible compulsion ..." The amended information added the sentence, "In the course of such offense defendant displayed a deadly weapon in a threatening manner." Appellant contends that the addition of the words "use of a dangerous weapon" to the information impermissibly increased the charge. Under Section 566.030, RSMo., 1978, rape is a Class B felony unless the perpetrator displays a deadly weapon in which case it becomes a Class A felony. The original information notified appellant that he was charged with a Class A felony, which necessarily entails use of a deadly weapon or serious injury. The original information also apprised appellant that punishment would be assessed pursuant to Section 558.011.1(1), RSMo., 1978, which is a term of years of not less than ten nor more than thirty, or life imprisonment. Appellant was put on sufficient notice of the charge against him and the range of punishment by the original information. The amendment did not alter any evidence or defenses available to him. Point Three is ruled against appellant.

We find no error in the action of the trial court.

The judgment is affirmed.

MORGAN, P. J., BARDGETT and RENDLEN, JJ., and KINDER, Special Judge, concur.