STATE OF NORTH CAROLINA v. ERIC SIMONS

No. 8312SC200

(Filed 15 November 1983)

**Burglary and Unlawful Breakings § 7— first degree burglary—whether dwelling occupied—necessity for submitting second degree burglary**

The trial court in a first degree burglary case erred in failing to submit to the jury the lesser included offense of second degree burglary where the evidence tended to show that the two victims returned to their home some time after 11:30 p.m.; the two victims then watched television for awhile but soon fell asleep on separate couches in the living room; both the front and back doors were locked at the time the victims went to sleep; the two victims later awoke to find defendant crouched on the living room floor; when confronted, defendant ran down a lighted hall and through an open, unlocked back door; the two victims later discovered that a back bedroom window was unlocked and slightly open; and before going to sleep, neither victim had checked the back bedroom window, since the evidence would permit, but not require, the jury to find that defendant entered the home when it was unoccupied, that he was caught inside when the two victims came home, and that he waited in secrecy in the unoccupied bedroom until the victims went to sleep.

APPEAL by defendant from *Samuel E. Britt, Judge.* Judgment entered 12 October 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 25 October 1983.

*Attorney General Edmisten, by Assistant Attorney General Nonnie F. Midgette, for the State.*

*James R. Parish for defendant appellant.*

BECTON, Judge.

From a judgment imposing a twenty-year active sentence following his conviction of first degree burglary, defendant, Eric Simons, appeals. The sole question on appeal is whether the trial court committed "reversible error in failing to instruct the jury on second degree burglary as a possible verdict." Having considered the facts of this case and our Supreme Court's decisions in *State v. Powell,* 297 N.C. 419, 255 S.E. 2d 154 (1979); *State v. Allen,* 279 N.C. 115, 181 S.E. 2d 453 (1971); and *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269 (1967), we answer the question "yes" and award defendant a new trial.

I

After working an evening shift at a Fayetteville restaurant on 20 March 1982, Judy Wilkes and Laura Hasty returned to their home at 603 School Street between 11:30 p.m. and midnight. Judy Wilkes opened the front door with her key and then re-locked the door after she and Laura Hasty entered the house. The two women then watched television for awhile but soon fell asleep on separate couches in the living room. They awoke to find a man, later identified as defendant, crouched down on the living room floor. When confronted, the man ran down a lighted hall and through an open, unlocked back door. The back door had been locked at the time the women went to sleep. The two women later discovered that all the windows were still locked, except a back bedroom window which was not only unlocked, but also slightly open. Before going to sleep, neither Judy Wilkes nor Laura Hasty had checked the back bedroom window. Neither Wilkes nor Hasty called the police.

At approximately 4:00 a.m. on 21 March 1982, one of Ms. Wilkes' neighbors, who was returning home, saw a man looking into the window of Ms. Wilkes' home. The neighbor drove to a

truck stop and notified a police officer, who, when he arrived upon the scene, saw defendant walking from the side of Ms. Wilkes' house. While the police officer was talking to defendant, Ms. Wilkes came out and identified the defendant as the man who had been in her house earlier that morning. Defendant was then arrested for burglary.

## II

Burglary is defined as the breaking and entering of a dwelling or sleeping apartment during the nighttime with intent to commit a felony therein. If the burglarized dwelling is occupied, the crime is burglary in the first degree; but if it is unoccupied, however momentarily, and whether known to the intruder or not, the crime is burglary in the second degree. *See State v. Tippett;* N.C. Gen. Stat. § 14-51 (1981); N.C. Gen. Stat. § 14-54 (1981). Because there is no positive or direct evidence as to when the defendant broke and entered Ms. Wilkes' home, the trial court's failure to charge on second degree burglary is prejudicial error.

The facts outlined in Part I above would permit, although not require, the jury to find that defendant entered the house when it was unoccupied; that he was caught inside when the two women came home later that night; and that he waited in secrecy in the unoccupied bedroom until the two women had gone to sleep. And it does not matter that there are other facts and inferences suggesting that defendant broke into the house after the women went to sleep—for example, the opened, unlocked back door, the lighted hallway, and the darkened living room (the circuit breaker for the living room area of the house had evidently been tripped since the television was on when the women went to sleep). The question before the trial judge was whether there were any facts and inferences suggesting second degree burglary.

The facts in this case are remarkably similar to, but less egregious than, the facts in *State v. Powell.* In *State v. Powell,* a Reverend Baynard and his wife returned home from a trip to Asheville around 9:30 p.m. on 28 April 1978. They went to bed in separate rooms at about 10:00 p.m., and Reverend Baynard went to sleep approximately 1:00 a.m. In the early morning hours of 29 April 1978 Mrs. Baynard was awakened by a man making a "huffing sound" at her bedroom door. The man beat her on the head, tied a rag around her mouth, dragged her outside and raped her.

State v. Simons

Mrs. Baynard had twenty-three stitches in her head. Later, Reverend Baynard was assaulted, and thirty stitches were required to close the wound to his head. On these facts the *Powell* Court said, as though writing for this case:

> In the case before us, there is no positive evidence as to when the intruder first entered the Baynard home on 28 or 29 April 1978. There is no evidence that Reverend or Mrs. Baynard checked the third bedroom before retiring. The record does indicate, however, that entry to the house was gained by breaking a window in the unoccupied bedroom, but neither Reverend nor Mrs. Baynard was awakened by the sound of shattering glass. . . . Thus, the jury could have found that the intruder entered the house when it was unoccupied, got caught there when the Baynards came home later that night and waited in the third bedroom until Reverend Baynard went to sleep before he acted. Under these facts, the trial court was required to submit second degree burglary to the jury as a possible verdict. Its failure to do so entitles the defendant to a new trial on his conviction for first degree burglary.

297 N.C. at 424, 255 S.E. 2d at 157. In addition to *State v. Powell,* the Supreme Court's opinions in *State v. Allen* and *State v. Tippett* also support the conclusions we reach. It is not necessary to restate the facts in *Allen* or *Tippett.* They, too, tell us that the question whether a house is actually occupied at the time an intruder breaks and enters is for the jury. Lesser included offenses are substantive features of the case. It is the duty of the trial court to instruct the jury upon lesser included offenses that arise from the evidence. *See State v. Harris,* 306 N.C. 724, 295 S.E. 2d 391 (1982).

For the foregoing reasons, defendant is entitled to a

New trial.

Judges HEDRICK and ARNOLD concur.