**STATE of Missouri, Respondent,**

v.

**Richard SEDDENS, Appellant.**

No. 54450.

Missouri Court of Appeals,
Eastern District,
Division One.

April 4, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

Gingeree E. Williamson, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction for burglary in the first degree, § 569.160, RSMo 1986. We affirm.

Defendant was convicted by a jury of burglary in the first degree, stealing over

$150, assault in the third degree, and escape from custody. He was sentenced as a Class X offender, and received consecutive sentences of fifteen years for the burglary charge, seven years for the stealing charge, five years for the escape from custody charge, and a thirty-day sentence for the assault in the third degree charge to run concurrently with the burglary sentence.

Defendant asserts he could not be found guilty of burglary in the first degree because, at the time he unlawfully entered the building, the occupants of the dwelling were not present. In this case, the occupants arrived and entered their dwelling while defendant was still present. Defendant contends the time of his entry and the presence of the occupants had to coincide.

The evidence showed that on the night of April 4, 1987, at approximately 9 p.m., nineteen-year-old Gregory Rowles and thirteen-year-old Matthew Rowles returned to their home. As Gregory entered the home he saw defendant standing in the living room holding a pillowcase. Defendant attempted to flee and Gregory pursued him. When Gregory caught defendant, the two fought, and Gregory finally pinned defendant to the floor. Meanwhile, Matthew called the police. When a police officer arrived, he handcuffed and detained defendant. A second police officer arrived later and guarded defendant while the first police officer investigated the scene. As defendant was being guarded, he attempted to flee, but he was apprehended in the yard outside the house.

Defendant apparently entered through a basement window which he broke open with a brick. Defendant did not have permission to be in the house. The pillowcase defendant had in his possession contained items from the house with a total value of more than $150.

Section 569.160 provides in part:

569.160. Burglary in the first degree.
—1. A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of commit-

ting a crime therein, *and when in effecting entry or while in the building or inhabitable structure or in immediate flight therefrom,* ... [our emphasis]

(3) There is present in the structure another person who is not a participant in the crime.

Defendant misinterprets the statute with his contention that the time of his unlawful entry and another person's presence in the structure must coincide. The statute is clearly worded in the alternative that while defendant was entering *or* while in the building, someone not a participant in the burglary was present in the structure. The language of the statute clearly includes this situation where the occupants of the house arrived while defendant was in the house after his unlawful entry. *See State v. Singleton,* 602 S.W.2d 3, 7[2] (Mo. App.1980) (defendant's being armed with a weapon did not have to coincide with entry to support first degree burglary, but could occur after entry). *See also State v. Harris,* 744 S.W.2d 505, 508[1] (Mo.App.1988). Defendant's point is denied.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.