**STATE of Missouri, Plaintiff–Appellant,**

v.

**Robert KIESAU and Carol Kiesau, Defendants–Respondents.**

No. 16561.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 13, 1990.

Thomas W. Cline, Sp. Prosecutor, Gainesville, for plaintiff-appellant.

Dee Wampler, Wampler & Wampler, Springfield, for defendants-respondents.

FLANIGAN, Chief Judge.

This appeal must be dismissed because appellant has not furnished a transcript of the evidence and the issues are moot.

The state seeks to appeal from an order of the Circuit Court of Ozark County suppressing evidence in four felony proceedings. Defendants below and respondents here are Robert Kiesau and Carol Kiesau. One proceeding against defendant Carol Kiesau was based on a complaint charging her with the felony of manufacturing marijuana. In the other proceeding she was charged with possessing more than 35 grams of marijuana. In the other two cases, similar complaints were filed against Robert Kiesau.

Preliminary examinations in each of the four cases were conducted at a consolidated evidentiary hearing. Prior to that hearing, the defendant in each case filed a motion to suppress. The motion challenged the validity of a search warrant and sought an order suppressing certain items seized pursuant to the warrant. The motion alleged ten grounds for suppression.

At the hearing, according to the briefs of the parties here, several witnesses testified. The briefs mention 31 exhibits offered by the state and 5 exhibits offered by defendants. No verbatim record of the testimony at the hearing was made. The state's brief says that the proceeding "was off the record." Following the hearing, the trial court in each case sustained the motion to suppress and discharged both defendants. The state appeals.

Rule 22.07(c),[1] dealing with preliminary examinations, reads, in pertinent part: "If

---

1. All references to rules are to Missouri Rules of Court, V.A.M.R., and all references to statutes are to RSMo 1986, V.A.M.S.

from the evidence it appears to the judge that there is probable cause to believe that a felony has been committed and that the defendant has committed it, the judge shall order him to appear in the court having jurisdiction of the offense; otherwise the judge shall discharge him." Rule 22.08 requires that in all cases of homicide, a verbatim record of the testimony at the preliminary hearing shall be made. The rule does not require such a record for felony proceedings of the type involved here.

Ordinarily a motion to suppress is filed after an information has been issued or an indictment returned but, under § 542.296, it may be filed earlier. Section 542.296.2 requires a motion to suppress to be in writing and to be filed "with the court in which there is pending against the moving party a criminal proceeding growing out of the subject matter of the seizure." A pending criminal proceeding means "any criminal investigation being conducted with the intention of using the seized subject matter in *seeking* an indictment or information or when an information has been issued or an indictment returned." § 542.296.1. (Emphasis added.)

Section 547.200.1 reads, in pertinent part: "An appeal may be taken by the state through the prosecuting or circuit attorney from any order or judgment the substantive effect of which results in: ... (2) Suppressing evidence; or ..." Rule 30.02 provides, in pertinent part: "If the state is permitted by law to appeal an order or judgment that is not a final judgment, the appeal shall be prosecuted in the same manner as an appeal from a final judgment, except as follows: ... (b) the record on appeal shall be filed in the appellate court within fifteen days after the notice of appeal is filed in the circuit court; and ..."

Rule 30.04(a) provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Under that rule, the record on appeal is divided into two components, the "legal file" and

the "transcript." The rule also provides: "The transcript shall contain the portions of the proceedings and evidence not previously reduced to written form." Rule 30.-04(a) also provides: "The parties may agree in writing upon an abbreviated or partial transcript of the record, proceedings, and evidence, with the evidence either in narrative form or in question and answer form." The parties here made no such agreement.

■ It is the responsibility of the state, as appellant, to cause the record on appeal "to be prepared in accordance with the provisions of these Rules and filed with the clerk of the proper appellate court." Rule 30.04(f). See *State v. Fenton*, 633 S.W.2d 78, 79 (Mo.1982); *Jackson v. State*, 514 S.W.2d 532, 533 (Mo.1974); *Arnold v. State*, 789 S.W.2d 525, 526[1] (Mo.App. 1990). "The transcript on appeal must contain all the necessary material to make a determination of the issues raised, and where such information is not included, there is nothing for the appellate court to review because the appellate court is unable to determine if the trial court erred." *Arnold v. State, supra*, at 526. A claim of error based on a trial court's ruling on a motion to suppress "cannot be properly reviewed without the record at the suppression hearing." *State v. Fenton, supra*, at 79[1].

In *State v. Donohoe*, 770 S.W.2d 252, 256 (Mo.App.1989) the court said:

"A motion to suppress under § 542.296 presents the issue of the admissibility in a criminal proceeding of evidence seized by police action, and so is collateral to the question of guilt or innocence of the defendant, which is tried independently. *State v. Yowell*, 513 S.W.2d 397, 402[1,2] (Mo. banc 1974). It is for that reason that on appellate review—although further evidence on the issue is not foreclosed—the transcript of the proceedings on the motion is the essential determinant of the validity of the trial court disposition of the issue of admissibility."

The research of this court has not disclosed any Missouri appellate decision involving an attempt by the state to appeal

from an order suppressing evidence entered at a preliminary examination where no verbatim record was made of the evidence.

"... [T]he state cannot appeal a dismissal at a preliminary hearing." *State v. Thomas*, 529 S.W.2d 379, 382[5] (Mo. 1975). In *State ex rel. Brown v. Duggins*, 601 S.W.2d 11, 12 (Mo. banc 1980), the court "reaffirmed" the following rule "in its entirety": "If the magistrate discharges the accused after the preliminary examination, the prosecuting attorney is without authority to file an information for the offense, but the discharge *does not bar the filing of a new complaint with another magistrate* and does not bar a prosecution of the alleged offense by indictment." (Emphasis in original.)

The court, in *Duggins,* was using the word "magistrate" in its broad sense so as to include a Missouri associate circuit judge. The court said, at p. 13:

"The United States Supreme Court said in 1925 in *United States ex rel. Rutz v. Levy*, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010, that:

Under state law it has uniformly been held that the discharge of an accused person upon a preliminary examination for want of probable cause constitutes no bar to a subsequent preliminary examination before another magistrate. Such an examination is not a trial in any sense, and does not operate to put the defendant in jeopardy."

The court also said, at p. 13:

"The general rule on the refiling of a complaint, after a finding of no probable cause, does not contemplate the presentation of evidence to the same judge a second time."

In *Duggins* the complaint which was refiled was pending before the same associate circuit judge who had discharged the defendant after a preliminary examination on the original complaint. The court ordered him to disqualify himself and request the appointment of another judge to conduct the preliminary hearing.

The four cases below are no longer pending and the defendants have been discharged. In civil cases the general rule is that "a question is moot when the question presented for decision seeks a judgment upon some matter which if judgment were rendered could not have any practical effect upon any then existing controversy.... Where there is no actual controversy existing as to a question presented on appeal, the appellate court need not determine it." *Preisler v. Doherty,* 364 Mo. 596, 265 S.W.2d 404, 407–408[4,5] (banc 1954). The general rule in criminal cases is that an appellate court will not consider academic, moot or abstract questions. 24 C.J.S. Crim.Law § 1706, p. 366. "The rule against consideration of moot cases or questions is also applied in appeals in criminal cases." 5 Am.Jur.2d Appeal & Error § 763, p. 206.

The lack of a transcript requires dismissal of this appeal. It is unnecessary to determine whether the fact that the four cases below are no longer pending is an independent reason for the dismissal.

The appeal is dismissed.

HOGAN and MAUS, JJ., concur.