**STATE of Minnesota, Respondent,**

v.

**Peter James NELSON, Appellant.**

**No. CX–94–565.**

Court of Appeals of Minnesota.

Nov. 8, 1994.

---

1. *Roraff v. State, Dep't. of Transp.,* 288 N.W.2d 15 (Minn.1980).

Hubert H. Humphrey, III, Atty. Gen., William F. Klumpp, Jr., Asst. Atty. Gen., St. Paul, Waldemar B. Senyk, Otter Tail County Atty., Fergus Falls, for respondent.

John M. Stuart, Minnesota State Public Defender, Mark F. Anderson, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and AMUNDSON, and THOREEN,* JJ.

## OPINION

THOREEN, Judge.

Appellant Peter James Nelson challenges his conviction for first degree burglary, on the ground that no one was present in the dwelling at the time of his entry. Nelson also argues his waiver of counsel was invalid. We reverse Nelson's first degree burglary conviction and remand for entry of judgment on the second degree burglary conviction alternatively imposed.

## FACTS

On June 18, 1993, Perry and Karen Brown returned to their home in Otter Tail County and encountered appellant descending the stairs from the bedrooms. Nelson said that he was looking for a friend whom he thought lived in the residence and explained that his friend had told him he should enter if no one was home. After Nelson left, the Browns, who had noted his license plate number, discovered that $30 was missing, and called the police. At 1:30 a.m. on June 19, Nelson's car was stopped and he was arrested. Nelson was charged with second degree burglary on June 21, 1993. A public defender was appointed to represent him. Nelson entered a plea of not guilty on July 19, 1993. He apparently was not satisfied with his attorney. His request to proceed pro se was

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

granted on August 9, 1993, with a public defender as standby counsel. The complaint was amended on January 20, 1994, charging him with burglary in the first degree. Nelson was tried by a jury and found guilty of first degree burglary. On February 7, 1994, Nelson was sentenced to 73 months for first degree burglary and, in the event the first degree conviction was set aside, 61 months for second degree burglary. Nelson claims the evidence is not sufficient to support a conviction of burglary in the first degree, and also argues that his waiver of counsel was invalid.

## ISSUES

1. Is the evidence sufficient to support the conviction for first degree burglary?

2. Was appellant's waiver of counsel valid without written waiver or waiver under oath?

## ANALYSIS

 1. When the sufficiency of the evidence of a conviction is appealed, this court considers whether the jury could reasonably have found the defendant guilty beyond a reasonable doubt, viewing the evidence and reasonable inferences in the light most favorable to the state. *State v. Boitnott,* 443 N.W.2d 527, 531 (Minn.1989). A question of statutory interpretation, however, is subject to de novo review. *See State v. Poole,* 489 N.W.2d 537, 541 (Minn.App.1992), *aff'd* 499 N.W.2d 31 (Minn.1993). "Penal statutes must be strictly construed." *Poole,* 489 N.W.2d at 541.

 Minn.Stat. § 609.582, subd. 1 (1992) provides:

Whoever enters a building without consent and with intent to commit a crime, or enters a building without consent and commits a crime while in the building, commits burglary in the first degree * * * if:

(a) the building is a dwelling and another person not an accomplice is present in it.

Minn.Stat. § 609.581, subd. 4 (1992), by reference, defines "enters a building without consent" to mean:

(b) to enter a building by using artifice, trick, or misrepresentation to obtain consent to enter from the person in lawful possession; or

(c) to remain within a building without the consent of the person in lawful possession.

Nelson argues that his conviction for first degree burglary under section 609.582, subdivision 1 is improper because another person was not present in the dwelling at the time of his entry. The state contends that the statute, supplemented by section 609.581, subdivision 4, does not require another person's presence at the time of entry, and that public safety would not be served by such a requirement.[1]

The parties cite several cases from foreign jurisdictions. In *State v. Lora,* 213 Kan. 184, 515 P.2d 1086 (1973), the defendant, who entered a house and raped a woman upon her return, argued that he should not have been convicted of aggravated burglary because the victim was not present when he entered the house. The applicable statute provided:

Aggravated burglary is knowingly and without authority entering into or **remaining within any building * * * in which there is some human being,** with intent to commit a felony or theft therein.

*Id.* 515 P.2d at 1095 (quoting Kan.Stat.Ann. § 22–3429 (1972 Supp.)). The Kansas Supreme Court rejected the argument because of the alternate provision of the statute that proscribed "remaining" in a building.

In *State v. Seddens,* 770 S.W.2d 381 (Mo. Ct.App.1989), the inhabitant returned to encounter the defendant stealing items and the defendant fled. The defendant argued that under the following statute, entry and presence had to coincide:

A person commits the crime of burglary in the first degree if he knowingly enters unlawfully or knowingly remains unlawful-

---

1. The state also attempts to incorporate the "by artifice [or] trick" provision of clause (b) into clause (c) to emphasize that "appellant remained by using trick and misrepresentation," but this further construction is clearly strained beyond the meaning of the statute.

ly in a building * * * for the purpose of committing a crime therein, **and when in effecting entry or while in the building** * * * [t]here is present in the structure another person who is not a participant in the crime.

*Id.* at 382 (quoting Mo.Ann.Stat. § 159.160 (1986)). The Missouri Court of Appeals rejected the challenge and held that the alternate provision of the statute "clearly includes this situation."

Finally, in *State v. Simons*, 65 N.C.App. 164, 308 S.E.2d 502 (1983), the inhabitants returned home, went to sleep, and awoke to find a burglar present. The North Carolina Court of Appeals analyzed the state's burglary statute and concluded:

If the burglarized dwelling is occupied, the crime is burglary in the first degree; but if it is unoccupied, however momentarily, and whether known to the intruder or not, the crime is burglary in the second degree.

*Id.* 308 S.E.2d at 503. The court held that because there was no direct evidence as to when the defendant entered the home, the trial court had prejudicially erred in failing to instruct the jury on second degree burglary.

The Missouri statute is more explicit than section 609.582 in stating "while in the building," in addition to the "remains within a building" language similar to section 609.582 and the Kansas statute.

The state cites *Johnson v. Commonwealth*, 444 S.E.2d 559 (Va.App.1994), in which the statutory language "break and enter a dwelling house *while said dwelling is occupied*" was interpreted under the state's aggravated burglary statute. *Id.* at 561 (quoting Va. Code Ann. § 18.2–92 (1950)). *Johnson* held that the language did not require "the physical presence of the occupant at the time of the unlawful entry" as an element of the crime, but instead was merely "intended by the legislature to emphasize * * * the use of the dwelling as a place of current habitation." 444 S.E.2d at 562. In comparison to the statute in *Johnson*, section 609.582 is more explicit in requiring physical "presence" rather than "occupation."

A strict construction of section 609.582, subdivision 1, even when supplemented by the "enters a building" definition in section 609.581, subdivision 4, requires that we reverse appellant's first degree burglary conviction. Under the terms of the statute, a non-accomplice's presence at the time of entry is clearly required. We leave it to the legislature to consider the public policy ramifications of the statute as currently written.

■ 2. Nelson argues that his waiver of counsel was not valid in the absence of a thorough inquiry and without written waiver or waiver under oath. Minn.Stat. § 611.19 (1992) provides:

Where counsel is waived by a defendant, the waiver shall in all instances be made in writing, signed by the defendant, except that in such situation if the defendant refuses to sign the written waiver, then the court shall make a record evidencing such refusal of counsel.

The state, however, cites several cases involving oral waivers of counsel on the record, in which the absence of a written waiver apparently was not an issue. *State v. Krejci*, 458 N.W.2d 407, 412 (Minn.1990); *State v. Savior*, 480 N.W.2d 693 (Minn.App.1992).

In the only reported case citing section 611.19, the statute is discussed relative to a defendant's voluntary testimony before a grand jury and suggests that oral waiver of counsel could be made on the record. *See State v. Berry*, 298 Minn. 181, 185, 214 N.W.2d 232, 235 (1974).

■ A finding that a defendant waived his right to trial counsel will not be reversed unless clearly erroneous. *State v. Richards*, 456 N.W.2d 260, 264 (Minn.1990). A defendant's request to proceed pro se must be both: 1) "clear, unequivocal, and timely" and 2) knowing and intelligent. *Id.* at 263. While a defendant may have the right to court-appointed counsel, he does not have the right to court-appointed counsel of his own choice. *State v. Gassler*, 505 N.W.2d 62, 70 (Minn.1993). The record indicates that Nelson's request to proceed pro se was made at his third appearance in this matter and reaffirmed at two subsequent appearances. Nelson indicated that he wished to conduct his own independent investigation and defense. The trial court reiterated Nelson's right to

counsel and questioned him about the consequences of proceeding pro se. We conclude that Nelson's waiver was timely, clear, and made with full knowledge of possible consequences. The trial court's finding that the waiver was "knowing and intelligent" is not clearly erroneous.

## DECISION

Because "another person" was not present at the time of appellant's entry, we must vacate his first degree burglary conviction. We remand for entry of judgment on appellant's second degree burglary conviction and on the concomitant 61–month sentence alternatively imposed. Appellant's waiver of counsel was not invalid.

**Reversed and remanded.**