# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1775

_____

Dwight L. Laughlin,          *
        *
    Appellant,      *
        *   Appeal from the United States
   v.         *   District Court for the Western
        *   District of Missouri.
Dora B. Schriro, Director, MO    *
Department of Corrections; Jeremiah  *      [UNPUBLISHED]
Nixon, Attorney General of the State of  *
Missouri,         *
        *
    Appellees.      *

_____

Submitted:  November 15, 1999

Filed:  November 23, 1999

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Dwight L. Laughlin was caught in the act of burglarizing a post office in Missouri.  A Missouri jury convicted him of first-degree burglary and first-degree property damage, and the court sentenced Laughlin as a persistent offender to forty years in prison.  In a single opinion, the Missouri Court of Appeals affirmed Laughlin's conviction and denied him postconviction relief.  See State v. Laughlin, 900 S.W.2d

662 (Mo. Ct. App. 1995). Turning to federal court, Laughlin filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied Laughlin habeas relief, finding his claims procedurally defaulted. We granted a certificate of probable cause on one issue: whether the district court properly found Laughlin procedurally defaulted a claim that he was actually innocent of first-degree burglary because the state's evidence failed to show an essential element of the offense, namely, that a nonparticipant in the crime was in the post office while Laughlin was inside.

Section 569.160.1 of the Missouri Revised Statutes states, "A person commits the crime of burglary in the first degree if he knowingly enters unlawfully . . . a building . . . for the purpose of committing a crime therein, and . . . while in the building . . . : . . . (2) Causes or threatens immediate physical injury to any person who is not a participant in the crime; or (3) There is present in the structure another person who is not a participant in the crime." In Laughlin's case, the jury found that while Laughlin was in the building, Mike Smith, a nonparticipant in the robbery, was present.

Laughlin contends Smith does not qualify as a nonparticipant under § 569.160.1(3) because Smith was a police officer investigating the burglary. Laughlin cites no support for his contention, and we find none. Indeed, the Missouri Court of Appeals has held the nonparticipant need not be in the building when the intruder enters, see State v. Seddens, 770 S.W.2d 381, 382 (Mo. Ct. App. 1989), and has rejected the argument that a police officer is not a nonparticipant in the crime under § 569.160.1(2), see State v. Gifford, 749 S.W.2d 702, 706 (Mo. Ct. App. 1988).

Because Laughlin has not shown that, in light of all the evidence, it is more likely than not that no reasonable juror would have found him guilty of first-degree burglary beyond a reasonable doubt, we cannot excuse his procedural default. See Bousley v. United States, 523 U.S. 614, 623 (1998). We thus affirm the district court's denial of Laughlin's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.