

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| vs. | ) | No. SD33100 |
| | ) | |
| TATUM CLARK MCMILLIAN, | ) | **Filed:  January 29, 2015** |
| | ) | |
| Defendant-Respondent. | ) | |

APPEAL FROM THE CIRCUIT COURT OF HOWELL COUNTY

Honorable Michael J. Ligons, Associate Circuit Judge

**DISMISSED**

In this case, the State appeals from the trial court's order dismissing a criminal complaint prior to the preliminary hearing.  We dismiss the appeal for lack of appellate jurisdiction.

## Procedural Background

Tatum Clark McMillian ("Defendant") was charged with one count of felony stealing under Section 570.030.[1]  The complaint alleged Defendant

---

[1] As relevant to the present case, that section provides that:

    1.      A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion.

    . . .

    3.      Notwithstanding any other provision of law, any offense in which the value of property or services is an element is a class C felony if:

        (1)      The value of the property or services appropriated is five hundred dollars or more but less than twenty-five thousand dollars[.]

§ 570.030.  All statutory references are to RSMo Cum. Supp. (2009).

"appropriated unemployment benefits of a value of at least five hundred dollars . . . from the Missouri Division of Employment Security with the purpose to deprive it thereof by deceit in that [Defendant] represented to the Missouri Division of Employment Security that he was earning less wages from his employers than he was actually receiving[.]"

On the morning of the preliminary hearing, Defendant filed a motion to dismiss. In support of that motion, Defendant argued the filing of a felony stealing charge was improper for three reasons: (1) it violated Defendant's right to be free from double jeopardy; (2) it unlawfully increased the range of punishment for Section 288.380[2] offenses beyond what the legislature intended; and (3) the maxim of statutory construction which posits that a more specific statute governs over a more general statute required the State to charge Defendant under Section 288.380, the misdemeanor charge, rather than Section 570.030, the felony charge.

The docket entry regarding the events on the day the preliminary hearing was scheduled to take place stated the hearing was "Continued/Rescheduled." Instead, the court considered Defendant's motion to dismiss and allowed the

---

[2] As relevant to the present case, that section provides as follows:

3.      No person shall make a false statement or representation knowing it to be false or knowingly fail to disclose a material fact, to obtain or increase any benefit or other payment pursuant to this chapter, or under an employment security law of any other state or of the federal government either for himself or herself or for any other person.

. . .

7.      Any person who shall willfully violate any provision of this chapter, or of an employment security law of any other state or of the federal government or any rule or regulation, the observance of which is required under the terms of any one of such laws, shall upon conviction be deemed guilty of a misdemeanor and shall be punished by a fine of not less than fifty dollars nor more than one thousand dollars, or by imprisonment in the county jail for not more than six months, or by both such fine and imprisonment, and each such violation or each day such violation continues shall be deemed to be a separate offense.

§ 288.380.

State 20 days to file suggestions in opposition. In those suggestions the State argued (1) there was no double jeopardy violation because the State filed only one charge and (2) the State had the power to choose which criminal charge to file based on the doctrine of prosecutorial discretion. The trial court dismissed the complaint without stating the grounds for that decision. The State appeals.

## Discussion

Before addressing the State's arguments, we must first examine Defendant's argument that we lack jurisdiction because the trial court's dismissal order was not a final judgment. We agree.

Under Section 547.200.2, RSMo (2000), and Rule 30.01(a),[3] a final judgment is a prerequisite to appellate review in a criminal case. *See **State v. Burns***, 994 S.W.2d 941, 942 (Mo. banc 1999)**.** Generally speaking, a dismissal without prejudice is not a final judgment. ***Id.*** at 943. Additionally, it is well settled that "[t]he state cannot appeal a dismissal at a preliminary hearing." ***State v. Kiesau***, 794 S.W.2d 309, 312 (Mo. App. S.D. 1990) (quoting ***State v. Thomas***, 529 S.W.2d 379, 382 (Mo. 1975)).

In the present case, the trial court dismissed the case, without prejudice, at the preliminary hearing stage. Consequently, there was no final judgment, and we lack jurisdiction to consider this case on the merits.

In support of its argument to the contrary, the State relies on ***State v. Smothers***, 297 S.W.3d 626 (Mo. App. W.D. 2009). This reliance is misplaced. ***Smothers*** does not speak to the issue presented in the present case because ***Smothers*** involved the dismissal of a felony information. ***Id.*** at 629. That is,

---

[3] All rule references are to Missouri Court Rules (2014).

the dismissal did not occur at the preliminary hearing stage, but after the preliminary hearing stage.

Although there was no final judgment in the case, our decision does not leave the State without remedy. "The general rule on the refilling of a complaint, after a finding of no probable cause, does not contemplate the presentation of evidence to the same judge a second time." ***State ex rel. Brown v. Duggins***, 601 S.W.2d 11, 13 (Mo. banc 1980). Thus, if the State files another complaint regarding the facts giving rise to this case, the judge who dismissed the first complaint must recuse.

## Decision

The State's appeal is dismissed.

MARY W. SHEFFIELD, P.J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS